**Glasser v. Seven Springs Mountain Resort**

C.P. of Fayette County, no. 2737 of 2006, G.D.

*Arthur Cutruzzula* and *Walter J. Nalducci,* for plaintiff.

*John R. Merinar Jr.,* for defendant.

SOLOMON, *J.,* November 7, 2008—Before the court is a motion for summary judgment filed by defendant, Seven Springs Mountain Resort t/d/b/a Seven Springs Farm Inc., a Pennsylvania business corporation.

## STATEMENT OF THE CASE

Plaintiff, Bradley Glasser, filed suit against defendant alleging that he had incurred injuries in a skiing accident that occurred on the property of defendant as the result of the negligence of defendant. In its answer to the complaint, defendant denied all material averments, raised a new matter, asserting as affirmative defenses that plaintiff had assumed the risk of the collision, that plaintiff had released defendant from any liability, and that plaintiff's claims are barred by the Pennsylvania Comparative Negligence Act and the Pennsylvania Skier's Responsibility Act. Thereafter, defendant filed the instant motion for summary judgment.

## DISCUSSION

Summary judgment may be entered only in those cases where the record clearly demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Dean v. PennDOT,* 561 Pa. 503, 507, 751 A.2d 1130, 1132 (2000). The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Id.* Where the facts

are so clear that reasonable minds cannot differ, summary judgment is appropriate. *Cochran v. GAF Corp.,* 542 Pa. 210, 215, 666 A.2d 245, 248 (1995).

In *Hughes v. Seven Springs Farm Inc.,* 563 Pa. 501, 762 A.2d 339 (2000), the Supreme Court of Pennsylvania analyzed the doctrine of assumption of the risk and its relation to the Pennsylvania Skier's Responsibility Act. The Supreme Court found that "[a]s a general rule, the doctrine of assumption of the risk [. . .] has been supplanted by the Pennsylvania General Assembly's adoption of a system of recovery based on comparative fault in the Comparative Negligence Act." *Id.* at 504, 762 A.2d at 341. However, the Supreme Court found that the Pennsylvania Skier's Responsibility Act "specifically preserves the assumption of the risk doctrine in cases involving downhill skiing injuries." *Id.;* see also, 42 Pa.C.S. §7102(c). In regards to cases stemming from amusement facility injuries, the cases "have tended to speak in terms of whether the injury suffered resulted from a risk 'inherent' in the activity in question; if it did, then the defendant was under no duty to the plaintiff, and the suit could not go forward." *Hughes,* at 508, 762 A.2d at 343.

The *Hughes* court also found that granting of judgment n.o.v. is proper "in cases involving places of amusement where the plaintiff alleges no more than injury caused by a risk inherent in the activity in question." *Id.* at 509, 762 A.2d at 343. Specifically, "[o]nly when the plaintiff introduces adequate evidence that the amusement facility in which he was injured deviated in some relevant respect from established custom will it be proper for an 'inherent-risk' case to go to the jury." *Id.*

28

With regard to downhill skiing injuries, the Supreme Court then set forth a two-part inquiry. *Id.* First, the court must determine whether the plaintiff was engaged in the sport of downhill skiing at the time of his injury. *Id.* Here, that determination is made easy since plaintiff admits that he was engaged in the sport of downhill skiing at the time of his injury. Plaintiff's deposition, p. 11. Thus, since the answer to the first inquiry is in the affirmative, the second determination that the court must make is whether the risk is one of the "inherent risks" of downhill skiing, which the plaintiff must be deemed to have assumed under the Skier's Responsibility Act. *Id.* If so, then summary judgment is appropriate because, as a matter of law, the plaintiff cannot recover for his injuries. *Id.*

Ski facilities have no duty to protect patrons from injuries suffered which arise from a risk that is common, frequent and expected within the sport. *Jones v. Three Rivers Management Corp.,* 483 Pa. 75, 394 A.2d 546 (1978). Here, plaintiff contends that defendant was negligent in disguising a snowmaking pole to appear as though it had protection. However, plaintiff fails to allege how wrapping this pole with a thin protection was in fact negligent.

From the record, it is clear that plaintiff suffered a skiing injury that is "common, frequent and expected" within the sport of downhill skiing, and assumed a risk that was inherent in the sport. Plaintiff skied several times each year, including the slopes of defendant's ski facility. Plaintiff's deposition, pp. 7, 16. At the time of the accident, plaintiff had over a decade of skiing experience, and describes himself as an intermediate level skier. *Id.* at 8, 18. After skiing for several hours on the day in

question, plaintiff ascended to the Tyrol/Nastar slope. *Id.* at 12-13. It was during this downhill run that plaintiff lost control of his person and collided with a snowmaking pole. *Id.*

In his deposition, plaintiff admits that he "knew that people do get hurt" in the sport of skiing. *Id.* at 23. Further, on the day in question, plaintiff admits that he observed ice on other ski slopes and that ice is "the natural thing that occurs." *Id.* at 14-15. What plaintiff fails to allege, or support in the record, is that a collision with a snowmaking pole is not an inherent risk of the sport of downhill skiing. To the contrary, plaintiff admits to seeing the snowmaking system on defendant's property, and on other ski facilities. *Id.* at 15-16, 40-41. A snowmaking pole is a "common, frequent and expected" obstacle on a downhill skiing slope.

Even accepting as true all of the pleadings of plaintiff, and viewing the record in a light most favorable to him, he has only alleged injury caused by a risk inherent in the activity in question. Pursuant to the Pennsylvania Skier's Responsibility Act, 42 Pa.C.S. §7102(c), plaintiff assumed the risk of losing control while he was skiing and consequently colliding with a snowmaking pole. Expressly, the possibility of a collision with a snowmaking pole is a risk inherent to the sport of downhill skiing.

Further, prior to entering the ski facility, plaintiff signed a release agreement releasing defendant from all liability for injury upon the premises. See rental agreement.

In reaching our conclusion that plaintiff assumed the risk of the skiing injury he suffered, and that he signed

a release agreement, we find that the facts are so that reasonable minds could not differ and that, therefore, the granting of defendant's request for summary judgment is appropriate.

Wherefore, we will enter the following order.

## ORDER

And now, November 7, 2008, upon consideration of the record, it is hereby ordered and decreed that the motion of defendant, Seven Springs Mountain Resort t/d/b/a Seven Springs Farm Inc., a Pennsylvania business corporation, for summary judgment, is granted.